Lyman CARROLL, Plaintiff–Appellant,

v.

CUNA MUTUAL INSURANCE SOCIETY, Defendant–Appellee.

No. 92CA2055.

Colorado Court of Appeals, Div. II.

Jan. 13, 1994.

Rehearing Denied Feb. 24, 1994.

Certiorari Granted June 27, 1994.

Vance W. Wengler, Daniel B. Stageman, Colorado Springs, for plaintiff-appellant.

Sherman & Howard, Leanne B. De Vos, Anne M. Derhammer, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, Lyman Carroll, brought this action for declaratory judgment to determine whether his wife's death was covered under an accidental death policy issued by CUNA Mutual Insurance Society. The court con-

cluded that Mrs. Carroll's death was not caused by an accident, and it therefore entered judgment in favor of CUNA. We affirm but under a different rationale.

It is undisputed that Mrs. Carroll died as a result of a rupture in a cerebral aneurysm. She suffered from hypertension, and at the time of the rupture, her blood pressure was further elevated as she engaged in sexual intercourse.

■ The sole issue presented here is whether the rupture of the aneurysm can be considered a "bodily injury caused by an accident ... resulting directly and independently of all other causes" within the meaning of the policy issued by CUNA. Relying on *Bobier v. Beneficial Standard Life Insurance Co.*, 40 Colo.App. 94, 96, 570 P.2d 1094, 1096 (1977), plaintiff maintains that his wife's death must be considered accidental because it was "an unusual or unanticipated result flow[ing] from a commonplace cause." In our view, plaintiff reads the *Bobier* decision too broadly.

In that case, death resulted from pneumonia which developed as a result of the decedent inhaling her own vomit. This court, construing a policy provision identical to the one here at issue, stated that there would be coverage if an accident of any nature was the predominant cause of the injury which led to the death. We noted that an "accident" can include situations in which "an unusual or unanticipated result flows from a commonplace cause." *Bobier, supra*, 40 Colo.App. at 96, 570 P.2d at 1096. We thus concluded that the death there could be considered as having been caused accidentally if (1) the inhalation of the vomit were found to be an unnatural or improbable consequence of regurgitation, or if (2) the aspiration and resulting pneumonia were not the predictable results of an arrhythmic cardiac seizure she had suffered at the time.

■ The *Bobier* definition of accident as "an unusual or unanticipated result" is quite broad, and it would seem to cover the situation here, since Mrs. Carroll's death was, in a sense, an unanticipated result of having engaged in sexual intercourse. However, if that were all that was required to invoke coverage under the policy, the accidental death provision would be the functional equivalent of a life insurance policy. "Death is almost always accidental in the sense of unintended by the deceased, so if an accidental result sufficed, coverage would be assured regardless of the cause of death." *Senkier v. Hartford Life & Accident Insurance Co.*, 948 F.2d 1050, 1052 (7th Cir.1991).

The *Bobier* decision recognized this and acknowledged that a distinction must be drawn between a covered "accident" and the natural (but unexpected) onset of a disease. This distinction is reflected in the CUNA policy by the requirement that the accident result "directly and independently of all other causes." Such a requirement is designed to preclude coverage when the injury or death is due, even in part, to a preexisting bodily infirmity. *See Winchester v. Prudential Life Insurance Co.*, 975 F.2d 1479 (10th Cir.1992).

Here, the injury that caused Mrs. Carroll's death was the rupture of a preexisting aneurysm, and the rupture was the natural or probable consequence of her elevated blood pressure, which in turn was a foreseeable consequence of her preexisting hypertension and the act of intercourse. Under these circumstances, Mrs. Carroll's death was not caused "directly and independently of all other causes," and thus, there is no coverage provided by CUNA's accidental death policy. *See Allstate Insurance Co. v. Starke*, 797 P.2d 14 (Colo.1990) (when construing an insurance policy, words should be given their plain meaning according to common usage). *See also Reed v. United States Fidelity & Guaranty Co.*, 176 Colo. 568, 491 P.2d 1377 (1971).

The judgment is affirmed.

TAUBMAN, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

The dispositive issue in this appeal is whether the facts as found by the trial court support its conclusions of law. Because the facts do not, I would reverse.

The trial court agreed that it was bound by the definition of accident as contained in *Bobier v. Beneficial Standard Life Insurance Co.*, 40 Colo.App. 94, 570 P.2d 1094 (1977). The policy in *Bobier* was an accidental death policy also, and the critical language therein, "directly and independently of all other causes" is identical to the language in question here. And, although the insurance industry has been on notice of the construction given to this language in Colorado since 1977, defendant-insurer has not redefined, modified, nor restricted the definition of the word "accident."

The trial court found that during intercourse the insured, who had hypertension and a preexisting aneurysm, on reaching orgasm sustained additional elevated blood pressure and a resultant massive rupture of the preexisting aneurysm. It also found and concluded that the rupture of an aneurysm, which occurs only in one of 300,000 people during orgasm was not, as defined in *Bobier*, an accident because it was not an unusual or unanticipated result which flowed from a commonplace cause. However, the trial court did not determine, *under the facts here*, from whence this statistically established unusual and unanticipated result flowed, and it did not find sexual intercourse between spouses not to be a commonplace occurrence.

Therefore, I would hold that the plaintiff made a *prima facie* case showing that the rupturing of an aneurysm during orgasm was in fact an unusual or unanticipated result which flowed from a commonplace cause, reverse the judgment of the trial court and, inasmuch as the trial court entered a directed verdict at the close of plaintiff's case, remand the case for new trial.